**STATE of Minnesota, Respondent,**

v.

**Herbert Daniel NOTCH, Petitioner, Appellant.**

**No. C0–89–785.**

Supreme Court of Minnesota.

Oct. 13, 1989.

C. Paul Jones, Public Defender and Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., and Mary A. Yunker, Asst. County Atty., St. Cloud, for respondent.

WAHL, Justice.

In an unpublished decision the court of appeals affirmed the use of permissive consecutive sentencing under Minnesota Sentencing Guidelines II.F.2. for two current felony offenses against the same victim. Since an express prerequisite to reliance on II.F.2. as a basis for consecutive sentencing is that the current convictions be for "crimes against different persons" and since the two current convictions in this case are for crimes against the same person, we hold that the use of consecutive sentencing constituted a departure as to consecutive service. There being no apparent justification in the record for such a departure, we modify the sentences to run concurrently.

Defendant began living with the victim and her 4–year–old daughter in June of 1987, although the commencement of the relationship preceded that date. On December 13, 1987, the victim told defendant to move out. He did. However, he apparently had a difficult time accepting the victim's decision and he continued to come to her house on the pretense of checking for mail and letting the dog out. Within this time period immediately following the separation he committed three acts which led to criminal charges: one on January 3, 1988; one on January 8, 1988; the third on January 15, 1988. The jury did not reach a verdict on the first charge. The second incident resulted in a conviction of burglary based on defendant's gaining entry by trick, then displaying a knife with the blade exposed. Although defendant did not expressly threaten the victim with the knife, his possession of the knife caused her to be "scared to death." During the incident defendant "made" the victim discuss the situation. The January 15 incident resulted in defendant's being convicted of false imprisonment based on evidence that defendant confronted the victim with a knife after she left her job, forced her into the car, and directed her to drive him to a different location. The victim described these incidents in detail in a meeting with St. Cloud police officers on February 25, 1988, and defendant was charged later that day.

The burglary is a severity level VII offense that carries a presumptive sentence of 32 (30–34) months when committed by a person with defendant's criminal history score of one. However, since the mandatory minimum term law applies, the presumptive sentence is 36 months. The false imprisonment is only a severity level III offense. However, the mandatory minimum term law applies, so the presumptive sentence is 36 months whether sentencing concurrently or consecutively.

The prosecutor, arguing that grounds for departure were present, urged both a doubling of the presumptive sentence for each offense, and the use of permissive consecutive sentencing under Minnesota Sentencing Guidelines II.F.2. The only plausible basis for a double departure was the fact that the victim was so upset from everything that happened that she moved out of the house and back into her parents' house and also began receiving counseling. However, the trial court expressly rejected that as a basis for a departure because, as the court put it, "The Court's difficulty * * * is in separating which aspects of the [victim's mental and emotional] state are related to the offenses and which aspects are related to the long-standing relationship and the deterioration of that relationship between her and the defendant." While therefore not departing durationally, the trial court did make the sentences run consecutively, giving two 36–month terms for a total of 72 months.

Minnesota Sentencing Guidelines II.F.2. provides that consecutive sentences "may" be imposed [*i.e.*, even without grounds for departure] "[w]hen the offender is convicted of multiple current felony convictions for *crimes against different persons,* and when the sentence for the most severe current conviction is executed according to the guidelines." (Emphasis supplied). Two issues are raised: (a) does the burglary offense qualify as a crime against a person and (b) was the trial court justified in concluding that reliance on II.F.2. was not barred by the requirement that the convictions be for crimes against "different persons."

■ (a) We agree with the court of appeals' conclusion that the burglary conviction qualifies as an offense against a person. It is true that in *State v. Hodges,* 386 N.W.2d 709, 711 (Minn.1986), we held that burglary is a property offense to the extent that the multiple-victim exception to sections 609.035 and 609.04 does not allow the state to convict a defendant of three burglaries simply because three different people were present in a house when it was burglarized. However, we have also held that a burglary may be thought of as a crime against the person if, as committed, it is a crime against the person. *Cf. State v. Nunn,* 297 N.W.2d 752 (Minn.1980) (dealing with use of burglary of a dwelling as the predicate offense for felony murder). Just as the court is allowed to look at the underlying conduct to determine if the defendant committed an offense in a particularly serious way, the court ought to be allowed to look at the underlying conduct in determining whether a crime, as committed, was a crime against a person. In this case, the burglary, as committed, was a crime against the person of the victim. We therefore need not decide whether all burglaries with a dangerous weapon and all burglaries of occupied dwellings are crimes meriting treatment as crimes against the person under section II.F.

■ (b) We ·disagree with the trial court's and the court of appeals' conclusion that an exception can be made in this case to the requirement of II.F.2. that the two current convictions be for crimes against "different persons." Section II.F.2. itself makes no exception to the requirement. The conclusion of the trial court and the court of appeals is based entirely on one of the comments which follows II.F.2.:

The criterion that crimes must be against different persons for permissive consecutive sentencing is designed to exclude consecutive sentences in two types of situations. One type involves multiple offenses against a victim in a single behavioral incident such as burglary with a dangerous weapon and aggravated robbery with bodily harm. The requirement of different victims is also intended to exclude consecutive sentences in domestic abuse and child abuse situations when there are multiple incidents perpetrated against a victim over time. Assault, criminal sexual conduct, and incest are the conviction offenses most frequently found in domestic abuse and child abuse cases. Multiple incidents against a victim typifies these types of situations. In fact, one criminal sexual conduct provision delineates multiple incidents as an element of the offense. The high severi-

ty rankings assigned to offenses that tend to involve very young victims reflect the understanding that multiple incidents generally occur in these kinds of situations. The Commission believes that a uniform policy reflected in high severity rankings provides the best approach in sentencing these cases. Permissive consecutive sentences would result in enormous disparity based on varying charging practices of prosecutors and discretionary judicial decisions.

There are rare instances in which multiple person crimes are committed at different times against a victim in other than a domestic abuse or child abuse situation. For example, a pharmacist could be a victim of an aggravated robbery at one point and sometime later be robbed by the same offender a second time. Circumstances such as these are clearly atypical. In the rare instances in which this type of situation occurs, consecutive sentencing is permissive under the guidelines.

Minnesota Sentencing Guidelines II.F.06 Comment.

The court of appeals seems to take the position that there was no pattern of "domestic abuse" here and no overcharging and that therefore consecutive sentencing is permissible. It appears to us, however, that the acts of defendant fall within the category of "domestic abuse," since they were occasioned by the breakup of defendant's live-in and fairly long-standing relationship with the victim. The argument appears to be that if defendant had committed more offenses, so that there was a pattern of offenses leading to more convictions, then consecutive sentencing could not be used but that here, where there are only two offenses leading to convictions, consecutive sentencing is permissive. This is tantamount to saying that if defendant had committed a few more acts of abuse then he would be subject only to concurrent sentencing.

Because the acts underlying the two offenses fall within the category of "domestic abuse," we think that the comment supports our conclusion that II.F.2. does not authorize consecutive sentencing in this case. However, even if the comment were otherwise, we would be reluctant to conclude that II.F.2. authorizes consecutive sentencing in this case. This is because section II.F.2. itself is clear and unambiguous and makes no exceptions to the "different persons" requirement.

In summary, since the two current convictions in this case are for crimes against the same person, we hold that the use of consecutive sentencing constituted a departure as to consecutive service. There being no apparent justification in the record on appeal for such a departure, we modify the sentences to run concurrently.

Affirmed as modified.