STATE of Minnesota, Respondent,

v.

Daniel Glen MYERS, Petitioner, Appellant.

No. C7-00-1134.

Supreme Court of Minnesota.

June 7, 2001.

John Stuart, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Mike Hatch, Atty. Gen., Susan Gaertner, Ramsey County Atty., Darrell C. Hill, Asst. Ramsey County Atty., St. Paul, for respondent.

## OPINION

PAUL H. ANDERSON, Justice.

Appellant Daniel Glen Myers asks us to determine whether the district court abused its discretion when it sentenced him to a consecutive sentence. Myers pleaded guilty to one felony count of obstructing legal process under Minn.Stat. § 609.50, subds. 1(2) and 2(1) (2000), and one misdemeanor count of driving under the influence of alcohol. He also pleaded guilty to an unrelated felony theft count. On the obstructing legal process count, the Ramsey County District Court imposed a sentence of imprisonment for a term of 1 year and 1 day to be served consecutively to a federal bank robbery sentence. The court imposed the sentence consecutively because it found that the way in which Myers committed the crime of obstructing legal process constituted a "crime against a person" under Minnesota Sentencing Guidelines II.F.1. The Minnesota Court of Appeals affirmed, holding that the district court did not abuse its discretion in imposing a consecutive sentence because when Myers obstructed the legal process, his actions posed a special risk to human life. We affirm.

On April 14, 1999, at approximately 2:30 p.m., a dispatcher informed a Minnesota State Trooper, who was on routine patrol in Ramsey County, that a 911 cellular telephone caller was following a vehicle being driven by someone who the caller thought might be intoxicated. The officer located the vehicle and was able to position his squad car behind the vehicle as it was moving westbound on Interstate 694. The officer observed the vehicle swerve back and forth onto the shoulder, and at the intersection of Interstate 694 and Silver Lake Road in New Brighton, the officer activated his squad car's emergency lights and proceeded to stop the vehicle. Before coming to a complete stop, the vehicle sideswiped the guardrail.

When the officer got out of his car and approached the vehicle, he observed that the driver was a male who later identified himself as appellant Daniel Glen Myers. The officer detected an alcohol odor emanating from Myers, so he had Myers sit in his squad car. When questioned, Myers stated that he had consumed two beers and that a leg injury prevented him from performing a field sobriety test. The officer then administered a preliminary breath test. The test results indicated a blood-alcohol level of above .10. Myers was then arrested for driving under the influence, and the officer informed Myers that he would be taken to the Mounds View Police Department where an intoxilyzer test would be administered.

As the officer drove Myers to the police department, Myers indicated that he needed to speak to the officer, so the officer opened the window in the plexiglass divider separating the front and back seats of his squad car. As the officer approached the intersection of Highway 10 and County Road I in Mounds View, Myers—without warning—lunged forward, forcing his head, arms, and chest through the opened window into the front seat. Myers then grabbed the officer's handgun with both hands. The officer managed to stop his squad car in the left lane of Highway 10 and to place the shift lever in park. The officer then struggled with Myers who continued to attempt to remove the officer's handgun from its holster. The officer later testified that during the ensuing struggle, he feared for his life, but his focus was to ensure that his handgun remained in his holster. At one point, Myers made a frantic grab for the steering wheel and the shift lever of the squad car. As the struggle continued, the officer radioed for help from other police officers. He then unfas-

tened his seatbelt and got out of the squad car.

When the officer got out of the squad car, Myers was through the plexiglass window up to his waist. The officer then drew his gun and ordered Myers to get into the back seat. Myers then yelled, "shoot me, just shoot me, shoot me in the head! I can't go to jail!" Myers made no attempt to return to the back seat until other police officers arrived at the scene. During the struggle, the officer sustained a small cut on the right side of his face near his right eye, the strap used to retain his shoulder microphone was torn off, and his nametag was pulled loose. The officer was subsequently transported to Unity Hospital for treatment of his injury. Myers was not injured.

One of the assisting officers transported Myers to the Mounds View Police Department where the implied consent advisory was read to him. Myers spoke with an attorney and agreed to take a breath test. The test, which was administered within 2 hours of the time of driving, indicated that Myers had a blood-alcohol concentration of .16. Myers was subsequently charged by complaint with one count of obstructing legal process in violation of Minn.Stat. § 609.50, subds. 1(2) and 2(1) (maximum sentence 5 years imprisonment or fine of $10,000, or both), and he was also charged with one count of driving under the influence of alcohol in violation of Minn.Stat. § 169.121, subds. 1(3) and 3(b) (1998) (maximum sentence 90 days imprisonment or $700 fine, or both).

On April 4, 2000, Myers pleaded guilty to both counts and an additional unrelated count of felony theft. One week later, Myers was sentenced on all three counts, but the only sentence at issue in this case is the sentence imposed for obstructing legal process.[1] On the obstructing legal process count, the state urged the district court to impose a consecutive sentence under Minnesota Sentencing Guidelines II. F.1 on the grounds that Myers committed a "crime against a person." The court agreed and found that Myers committed a "crime against a person" when he lunged through the plexiglass window and attacked the officer. Consequently, the court imposed a 1 year and 1 day sentence to be served consecutively upon the discharge of Myers' federal bank robbery sentence.[2] In addition, Myers was fined $50 and ordered to pay restitution to the officer for the officer's medical expenses.

Myers appealed to the court of appeals, challenging the district court's decision to impose a consecutive sentence on the obstructing legal process count. The court of appeals affirmed in an unpublished decision, holding that the district court did not abuse its discretion in concluding that obstructing legal process was a crime against a person for which a consecutive sentence could be imposed. Myers appeals the decision of the court of appeals and argues that the district court erred when it imposed a consecutive sentence because obstructing legal process is not a "crime against a person."

 We review a sentence imposed by a district court under an abuse of dis-

1. The felony theft charge related to an incident that occurred on March 31, 1999 when Myers was apprehended for stealing tools from the Saint Paul Rice Street Sears store. In exchange for the three guilty pleas, the Washington County Attorney's office dropped a complaint charging Myers with four counts of second-degree assault and one count of gross misdemeanor theft relating to an incident at the Mills Fleet Farm in Oakdale.

2. At the time of sentencing, Myers had an undischarged felony conviction for bank robbery with an offense date of March, 1, 1989 in Ventura, California.

cretion standard. *State v. Ford*, 539 N.W.2d 214, 229 (Minn.1995). While this standard recognizes the court's broad discretion in sentencing, it is not a limitless grant of power. *State v. Warren*, 592 N.W.2d 440, 451 (Minn.1999). Nonetheless, we have consistently declined to interfere with a court's discretion in sentencing unless the sentence imposed is disproportionate to the offense. *State v. Hough*, 585 N.W.2d 393, 397 (Minn.1998). Minnesota Sentencing Guidelines II.F.1 permits a district court to impose a permissive consecutive sentence when "a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, * * *." We have not previously defined "crime against a person" as it is used in II.F.1 when determining whether obstructing legal process is a crime against a person. Because this is a legal issue, we review it de novo. *State v. Ronquist*, 600 N.W.2d 444, 447 (Minn.1999).

Implicit in the district court's sentencing of Myers to consecutive sentences is a finding that Myers' prior felony was a crime against a person and that his sentence for this offense was not discharged at the time of sentencing for the obstructing legal process offense. The court then determined Myers' obstructing legal process offense was a crime against a person and imposed a consecutive sentence. As noted earlier, we have never considered whether obstructing legal process can constitute a "crime against a person," but we have determined that in certain circumstances, property crimes can be classified as crimes against a person for the purpose of imposing a consecutive sentence. *State v. Notch*, 446 N.W.2d 383, 385 (Minn.1989).

In *Notch*, we considered the use of permissive consecutive sentencing under Minnesota Sentencing Guidelines II.F.2 for two burglary offenses against the same victim. 446 N.W.2d at 384. An express prerequisite to reliance on II.F.2 as a basis for permissive consecutive sentencing is that the current conviction be for "crimes against different persons." *Id.* at 385. Although burglary is generally considered a property crime rather than a crime against a person, we looked beyond the crime's classification to the defendant's underlying conduct to determine whether the crime, as committed, was a crime against a person. *Id.* at 385. We stated:

> Just as the court is allowed to look at the underlying conduct to determine if the defendant committed an offense in a particularly serious way, the court ought to be allowed to look at the underlying conduct in determining whether a crime, as committed, was a crime against a person. * * * We therefore need not decide whether all burglaries with a dangerous weapon and all burglaries of occupied dwellings are crimes meriting treatment as crimes against the person under section II.F.

*Notch*, 446 N.W.2d at 385. We then concluded that because the defendant brandished a knife after he unlawfully gained access to the victim's house, the burglary constituted a "crime against a person." *Id.* at 384–85. However, because the crimes in *Notch* were against one person, we determined that the consecutive sentence was an unexplained departure from the guidelines, and we modified the sentences to run concurrently. *Id.* at 386. Likewise, obstructing legal process, while not classified or labeled as a crime against a person,[3] may be a crime against a person

---

**3.** The charged offense punishes one who "obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties." Minn.Stat.

if the defendant's underlying conduct in committing the crime poses a special danger to human life. *Id.* at 385 (citing *State v. Nunn*, 297 N.W.2d 752, 754 (Minn. 1980)). In the instant case, Myers attempted to overpower a police officer and take away his handgun while the officer was driving his vehicle to the police station. Myers and the officer struggled for control of the vehicle and the handgun, and during the struggle, the officer feared for his life and was injured. Because the way in which this crime was committed constituted a special danger to the officer's life, we conclude that the district court did not err in determining that Myers committed a crime against a person when he obstructed legal process.

■ Although we have concluded that the district court did not err in determining that Myers committed a crime against a person, we also must determine whether the court abused its discretion in imposing a consecutive sentence. *Ford,* 539 N.W.2d at 229. As we have already stated, when an offense constitutes a "crime against a person," Minnesota Sentencing Guidelines II.F.1 permits a district court to impose a consecutive sentence "[w]hen a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, * * *." In the instant case, there is no dispute that at the time of sentencing, Myers' sentence for his federal bank robbery felony had not yet expired. Furthermore, Myers did not dispute that his federal bank robbery felony conviction constituted a crime against a person. As a result, once the district court found that Myers committed a crime against a per-

son when he obstructed legal process, the court was permitted to impose a consecutive sentence. Myers has asserted no additional grounds for why the court's sentence was improper. Accordingly, we hold that the court did not abuse its discretion when it imposed a consecutive sentence under Minnesota Sentencing Guidelines II.F.1 because the way in which the crime was committed constituted a crime against a person.

Affirmed.

§ 609.50, subd. 1(2). Only in the penalty provision does the statute contemplate action affecting a person by imposing different penalties if the action created a risk of or caused death or substantial bodily harm or was accompanied by force or violence or the threat thereof. Minn.Stat. § 609.50, subd. 2.