Justin Marshall PAONE, Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. C2–02–1160.

Court of Appeals of Minnesota.

April 8, 2003.

Mary M. McMahon, Special Assistant State Public Defender, McMahon & Asso-ciates Criminal Defense, Ltd., St. Paul, for appellant Justin Paone.

Mike Hatch, Attorney General, St. Paul, for respondent.

Robert M.A. Johnson, Anoka County Attorney, M. Katherine Doty, Assistant County Attorney, Anoka, for respondent.

Considered and Decided by
SHUMAKER, Presiding Judge,
RANDALL, Judge, and WRIGHT, Judge.

## OPINION

RANDALL, Judge.

On appeal from the denial of his post-conviction petition, appellant claims he was entitled to the representation of court-appointed counsel at the postconviction proceeding. We agree, and reverse and remand.

## FACTS

On September 27, 1998, appellant drove his vehicle at a speed in excess of 80 miles per hour, ran a red light in the city of Coon Rapids, and collided with two other vehicles. As a result of the collision, one person died, two other people were severely injured, and three other people suffered injuries. According to the evidence, appellant drove at this high speed because he was fleeing a group of young men with whom he had previously had an altercation.

Appellant pleaded guilty to one count of criminal vehicular homicide and two counts of criminal vehicular operation resulting in great bodily harm on April 19, 1999. Appellant was sentenced on June 23, 1999 to 54 months on the criminal-vehicular-homicide count and 18 months each on the criminal-vehicular-operation counts, for a total of 90 months. The sentences were executed consecutively. On September 21, 1999, with assistance from the public de-

fender's office, appellant filed a direct appeal. Approximately two months later, the appeal was dismissed by stipulation of the parties. No briefs were submitted. The order dismissing the appeal does not specify the parties' reason for the stipulation.

On April 10, 2002, appellant filed a pro se petition for postconviction relief, primarily challenging his sentence. The postconviction court (the same judge who sentenced appellant) dismissed this petition without a hearing on May 16, 2002.

On July 12, 2002, appellant filed a pro se notice of appeal, and requested that this court appoint a public defender to represent him. By an order dated August 15, 2002, this court denied that request as beyond its authority, but referred appellant to the public defender's office by sending it a copy of the order. Shortly thereafter, a special assistant state public defender was appointed to represent appellant and submitted the brief in this appeal.

Appellant asked this court to determine that he was entitled to representation by counsel throughout the postconviction proceedings.

### ISSUE

Did appellant have a right to representation for his postconviction petition?

### ANALYSIS

■ In general, a postconviction court's decisions "will not be disturbed unless the court abused its discretion." *Rainer v. State,* 566 N.W.2d 692, 695 (Minn.1997). Here, we are concerned with the postconviction court's procedural steps, which affected appellant's right to counsel. We are not addressing the merits.

■ The first issue is whether appellant had a right to representation by the public defender during his postconviction proceedings. Pursuant to statute, an indigent defendant has the right to representation by the public defender during postconviction proceedings under certain circumstances.

> A person financially unable to obtain counsel who desires to pursue the remedy provided in section 590.01 may apply for representation by the state public defender. The state public defender *shall* represent such person under the applicable provisions of sections 611.14 to 611.27, *if* the person has not already had a direct appeal of the conviction.

Minn.Stat. § 590.05 (2002) (emphasis added). The state argues that because appellant had already filed a direct appeal and was provided counsel for that appeal, he had no right to representation by a public defender in his later petition for postconviction relief. Appellant argues that he had not exhausted his right to representation because his "appeal" was just a filing and was dismissed by agreement of the parties without actual appellate review. We agree. In a similar context, the Minnesota Supreme Court refused to apply a claim waiver to a postconviction hearing where a defendant filed a direct appeal and then shortly thereafter stipulated to its dismissal. In *Rairdon,* the court stated:

> [W]e are not prepared to extend the *Case* waiver rule to a petitioner * * * who merely *files* a direct appeal, but whose claims do not receive actual appellate review.

*Rairdon,* 557 N.W.2d at 322 (emphasis in original). The supreme court continued, "On the facts before us, [appellant's] failure to pursue a direct appeal is outweighed by our commitment to convicted defendants' rights to substantive review." *Id.* We find that the same analysis and that same commitment to due process apply here. Appellant filed a direct appeal,

but withdrew it two months later, pursuant to a stipulation with the state. The appeal did not approach any assessment on its merits. Based on *Rairdon*, we easily conclude the direct appeal was only preliminary and had not even begun to run the course of actual appellate review. Thus, appellant did not exhaust his right to representation by a public defender because of his direct appeal.

■ We further conclude he was entitled to the assistance of a public defender. The statute states:

In the event the petitioner is without counsel, the court administrator shall forthwith transmit a copy of the petition to the state public defender and shall advise the petitioner of such referral.

Minn.Stat. § 590.02 subd. 1(4) (2001). On receipt of appellant's pro se petition for postconviction relief, the Anoka County Court Administrator forwarded a copy to, among others, the "Pro Se Petitioner's Attorney." Appellant did not have an attorney. Properly applying the statute, the court administrator should have sent a copy of the appellant's petition to the state public defender. Once it received the referral, the office of the public defender should have accepted appellant's representation during the postconviction proceedings. Minn.Stat. § 590.05 (2002).

The state acknowledges that the proper procedure would have been to notify the public defender's office, but argues that appellant has failed to show that his lack of counsel prejudiced him and, thus, the omission was harmless error. We are not prepared to say that it was harmless error for appellant not to have the services of an appointed criminal defense attorney. The right to counsel is one of the most fundamental.

The Minnesota Supreme Court stated:

The rights of all citizens embodied in our Minnesota Bill of Rights,[1] however, are so important that they cannot be overridden for temporary expediency in building statistics. Of all those rights embodied in our Bill of Rights, the two most fundamental are the right to counsel and the right to trial by jury. Without them, there can be no constitutional rights at all. Every citizen has learned at an early age that whenever one is in trouble, the first resort should be to contact one's attorney and seek advice. We thus repeat the age-old rule of law that was embodied in our state constitution: The defendant shall have the right to counsel.

*Friedman v. Comm'r of Pub. Safety*, 473 N.W.2d 828, 835 (Minn.1991).

■ The right to counsel is deeply engrained in our society's notions of fairness and justice. It is both statutory and constitutional. Had the proper procedure been followed in this instance, and counsel been assigned, the merits of appellant's argument may have been viewed differently in the postconviction proceedings. The state has failed to convince us otherwise.

For the forgoing reasons, we conclude that (1) appellant did not exhaust his right to representation in his dismissed direct appeal; and (2) the public defender's office should have been notified of and assigned to appellant's postconviction petition.

■ In general, a petitioner requesting a postconviction hearing bears the burden of alleging facts that, if proved by a preponderance of the evidence, would entitle him to relief. *Rainer*, 566 N.W.2d at 695. The postconviction court here found that appellant had failed to do so and denied his petition without a hearing. Because we have determined that appellant was denied

1. Minn. Const. art. I, § 6.

his right to representation, we conclude that it was error for the postconviction court to deny appellant's petition without a hearing under these circumstances. To ensure fairness in this postconviction proceeding, we reverse and remand so that appellant may begin again, this time properly represented by counsel and better able to present his postconviction claims to the court.

## DECISION

Because it was error for the district court to deny appellant's postconviction petition where appellant lacked the representation to which he was entitled, we reverse and remand for proceedings consistent with this opinion. We note that appellant submitted a pro se supplemental brief to this court arguing the merits of his postconviction petition. We do not address those arguments here; they should be presented to the postconviction court on remand.

**Reversed and remanded.**