**Byron Kendall LEWIS, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A04–1476.

Court of Appeals of Minnesota.

June 14, 2005.

John M. Stuart, State Public Defender, Ngoc Nguyen, Assistant Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Doug Johnson, Washington County Attorney, Heather Pipenhagen, Assistant County Attorney, Stillwater, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; MINGE, Judge; and CRIPPEN, Judge.*

## OPINION

RANDALL, Judge.

Appellant challenges the denial of his pro se petition for postconviction relief. Because appellant's consecutive sentences were a departure from the sentencing guidelines entitling him to representation by a public defender and because the postconviction court violated appellant's right to counsel by not properly informing appellant of the existence of this right, we reverse and remand.

## FACTS

In November 1999, appellant Byron Lewis was charged with two counts of first degree aggravated robbery, ten counts of second degree assault, ten counts of kidnapping, two counts of theft over $2500,

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

and two counts of felon in possession of a pistol. These charges arose from multiple robberies of movie theaters with a handgun.

On January 18, 2000, appellant pleaded guilty to one count of first degree aggravated robbery in violation of Minn.Stat. § 609.245, subd. 1 (2000) and one count of felon in possession of a firearm in violation of Minn.Stat. §§ 609.11 (2000) and 624.713, subd. 1(b) (2000). As part of the plea agreement all other charges in Washington County were dismissed. Both at the plea hearing and in the petition to enter a plea of guilty, appellant was informed he would be sentenced to 108 months, the guideline sentence for first degree aggravated robbery, and 60 months, the guideline sentence for felon in possession of firearm, and that the sentences would be served *consecutively.* On February 4, 2000, appellant was sentenced in accordance with the plea agreement to consecutive sentences of 108 months for first degree aggravated robbery, and 60 months for felon in possession of a firearm. Appellant was represented by counsel throughout all the proceedings, including the plea hearing.

Appellant filed a pro se petition for postconviction relief on March 26, 2004, seeking to withdraw his guilty plea. A copy of this petition was sent to the state public defender's office. On June 7, 2004, the postconviction court filed an order denying appellant's petition without a hearing. The order held that appellant had been represented by counsel at all times and the record clearly showed that appellant understood the sentences were to be consecutive and therefore waived his right to be sentenced under the guidelines. On June 17, 2004 (after the hearing), the state public defender's office sent a letter to the court requesting to file a supplemental memorandum in the matter. On June 21, 2004, the postconviction court denied the request because an order had already been filed disposing of the matter. The denial of the petition for postconviction relief was appealed to this court.

## ISSUES

I. Did the district court depart from the sentencing guidelines by imposing consecutive sentences?

II. Did the district court err in failing to notify appellant of his right to a public defender before denying his petition for postconviction relief?

## ANALYSIS

A postconviction court's findings are reviewed to determine whether there is sufficient evidence in the record to support them. *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). The district court's findings of fact will be upheld if not clearly erroneous. *Id.* The decisions of a postconviction court will not be disturbed unless the court abused it discretion. *Id.*

### I.

### Sentencing Guidelines

The first issue is whether imposing appellant's sentences consecutively was a departure from the sentencing guidelines. Unless it falls into one of the exceptions, the imposition of consecutive sentences is a departure from the sentencing guidelines. Minn. Sentencing Guidelines II.F. Minnesota Sentencing Guidelines II.F.2 allows a court to impose a permissive consecutive sentence for "[m]ultiple current felony convictions for crimes against persons." Whether something is a crime against a person is a legal issue reviewed de novo. *State v. Myers,* 627 N.W.2d 58, 62 (Minn. 2001).

The Minnesota Sentencing Guidelines do not define what constitutes a

crime against a person. Under Minnesota caselaw this determination depends on the nature of the underlying conduct, not on how the crime is nominally classified. *See Myers,* 627 N.W.2d at 62–63; *State v. Notch,* 446 N.W.2d 383, 385 (Minn.1989); *State v. Henderson,* 394 N.W.2d 561, 563–64. Minnesota courts have found that even though burglary is a property crime, if it involves threatening the occupant with a knife it is a crime against a person. *Notch,* 446 N.W.2d at 385. Likewise a conviction for obstructing legal process was a crime against a person where it involved attempting to overpower and take away the handgun of a police officer who was driving at the time because it posed a special danger to a person's life. *Myers,* 627 N.W.2d at 63.

The state contends that possession of a firearm by a felon is a crime against a person.[1] While it is true that an individual must have been convicted of a crime of violence to be restricted from possessing a firearm under Minn.Stat. 624.713, subd. 1(b) (2000), and that possession of a weapon by a felon is considered a violent crime for purposes of increased sentences under Minn.Stat. § 609.1095, subd. 1(d) (2000), classification of possession of a firearm as a violent crime does not necessarily make it a crime against a person. Here, the use of the weapon during the commission of the crime is included in the elements of appellant's aggravated first-degree robbery conviction. *See* Minn. Stat. § 609.245, subd. 1 (2000). Unlike *Myers* or *Notch,* the *separate* charge for possession of a firearm by a felon does not include any threat to a person and is not directed against a person. The underlying crime is just possession of a firearm. There is no requirement that it be "used." Possession of a firearm by a felon, by itself, is not automatically a crime against a person. For this reason, sentencing appellant to consecutive sentences constituted a departure from the sentencing guidelines.

## II.

### Notice of Public Defender

The next issue is whether the district court erred by denying appellant's petition for postconviction relief without notifying appellant of his potential right to a public defender.

A person who is financially unable to obtain counsel may apply for representation with the public defender. Minn.Stat. § 590.05 (2004). When pursuing postconviction relief, such a person is entitled to be represented by a public defender. *Id.* But, this entitlement exists only if (a) the person has not already had a direct appeal of the conviction, and (b) the person did not plead guilty and receive an imposed sentence that was a presumptive sentence or a downward departure. Minn.Stat. §§ 590.05; 611.14, subd. 2 (2004). If the petitioner/defendant files the petition without the assistance of counsel, the court administrator must send a copy of the petition to the state public defender's office and advise the petitioner of such referral. Minn.Stat. § 590.02 (2004).

In *Paone v. State,* the petitioner for postconviction relief did not request a public defender, but the court administrator neglected to forward a copy of the petition to the state public defender's office. 658 N.W.2d 896, 899 (Minn.App. 2003). The petition was denied without a hearing. *Id.* at 898. This court held that the failure of the court administrator to send this notice to the state public defender's office meant that appellant had been denied his right to representation. *Id.* at

---

**1.** It is not contested that aggravated first-

degree robbery is a crime against a person.

899–900. This court stated that the "right to counsel is deeply engrained in our society's notions of fairness and justice" and that if proper procedure had been followed and counsel assigned, the merits of the petitioner's arguments may have been viewed very differently. *Id.* at 899. This court then reversed and remanded to allow the petitioner to start over while represented by counsel. *Id.* at 900.

■ Here appellant is entitled to be represented by a public defender because he did not have a direct appeal and his guilty plea resulted in a sentence that was not the presumptive sentence or a downward departure. *See* Minn.Stat. § 590.05. In this case the court administrator sent the notice to the state public defender as required by statute. However, the public defender did not respond for about three months, and by then, the postconviction court had already issued an order denying the petition for postconviction relief. Unlike *Paone*, the court administrator's duty of sending a copy of the petition to the state public defender's office was fulfilled.

■ The question, therefore, is whether appellant had the right to have the court inform him of his right to have counsel appointed for the postconviction petition. The decision in *Paone* is consistent with a finding that appellant has a right to be informed of the right to counsel. *Paone* states that the right to counsel is an important right and concludes that the court's *failure* to notify counsel of the case violated that right. 658 N.W.2d at 899–900. Importantly, our supreme court has stated that "Minnesota has a long tradition of assuring the right to counsel" and that the two most fundamental rights embodied in the Minnesota Bill of Rights are the

right to counsel and the right to trial by jury. *Friedman v. Comm'r of Pub. Safety,* 473 N.W.2d 828, 831, 835 (Minn.1991).

The district court has a statutory duty to inform a petitioner that the petition has been forwarded to the state public defender's office. Minn.Stat. § 590.02. As expressed by *Friedman* and *Paone* the right to an attorney in Minnesota is an important one. This right to counsel, of necessity and common sense, includes a right that the "right" be *communicated* to a petitioner. The district court has this duty to inform a pro se petitioner of the possible eligibility for representation by a public defender. It is unrealistic to assume a criminal defendant knows of this right or the conditions that must be satisfied to qualify for this right. Once the district court communicates this to the petitioner, the court can determine upon request whether the petitioner meets the conditions to be entitled to representation by a state public defender.

We conclude the failure to communicate to appellant the possibility of representation by the public defender violated appellant's right to counsel in the same way that the district court's failure in *Paone* to forward the petition to the public defender's office violated that petitioner's right to counsel. Both kept a postconviction petitioner from becoming aware of his right to the assistance of counsel. *See* 658 N.W.2d at 899–900.

Appellant also challenges his sentence on the grounds that his waiver of his right to be sentenced under the sentencing guidelines was not knowing, intelligent and voluntary as required by *State v. Givens,* 544 N.W.2d 774, 777 (Minn.1996).[2] That we do not find. It appears from the record that the petitioner and his attorney

---

**2.** The rule stated in *Givens* was modified by a later decision in *State v. Misquadace,* 644 N.W.2d 65 (Minn.2002). However, the hold-

ing in *Misquadace* was not retroactive. *Id.* at 72.

understood the sentence petitioner had agreed to.

We reverse and remand to allow appellant to start over in his postconviction proceeding, this time represented by the state public defender. We make no determination on the underlying merits of appellant's case.

## DECISION

Imposing appellant's sentences consecutively represented a departure from the guidelines. Appellant's crime of possession of a firearm as a felon, was not a crime against a person.

Appellant was entitled to representation by a public defender on his petition for postconviction relief because he met the standard. The postconviction court did not communicate to appellant his right to court-appointed counsel. Thus, it became error for the district court to deny appellant's unrepresented petition for postconviction relief. We therefore reverse and remand for proceedings consistent with this opinion.

**Reversed and remanded.**