*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0453**

Keith Allen Halland, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 22, 2014**
**Reversed and remanded**
**Chutich, Judge**

Norman County District Court
File No. 54-K1-06-000054

Cathryn Middlebrook, Chief Appellate Public Defender, Erik Irving Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James D. Brue, Norman County Attorney, Ada, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Reilly, Judge; and Toussaint, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Keith Halland challenges the district court's denial of his motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. He contends that the district court committed structural error by treating his motion as a postconviction petition but not informing him of his right to counsel. We agree and reverse and remand.

## FACTS

In April 2006, Halland pleaded guilty to one count of felony driving while impaired and one count of driving without a license. *See* Minn. Stat. §§ 169A.20, subd. 1(1), 171.24, subd. 5 (2004). The district court sentenced Halland to 42 months in prison with execution stayed for seven years. The district court advised Halland that if his sentence were executed, he would be subject to five years' conditional release. In November 2007, Halland violated a condition of his probation, and the district court executed the 42-month sentence.

In December 2013, Halland filed a pro se motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, arguing that his 18-month supervised release term should be deducted from the five-year term of conditional release.

The district court denied the motion in a written order, concluding that Halland's sentence was specifically authorized by law. Throughout its order, the district court referred to Halland as "Petitioner." It also referred to the motion as "the post-conviction

2

motion" and stated that a hearing was unnecessary under Minnesota Statutes section 590.04, subdivision 1 (2012). This appeal followed.

## D E C I S I O N

Halland argues that the district court committed structural error by treating the motion as a postconviction petition but not informing him of his right to counsel. Halland argues in the alternative that a defendant has a right to counsel for motions made under rule 27.03, subdivision 9. In his pro se supplemental brief, Halland argues that his sentence is unauthorized by law.

A district court's denial of a motion to correct a sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, is reviewed for abuse of discretion. *State v. Amundson*, 828 N.W.2d 747, 752 (Minn. App. 2013). But denial of the right to counsel is structural error and requires automatic reversal. *State v. Dorsey*, 701 N.W.2d 238, 253 (Minn. 2005).

A defendant may challenge his sentence either by filing a petition for postconviction relief under chapter 590 of the Minnesota Statutes or by filing a motion to correct a sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014). Rule 27.03, subdivision 9 permits a court "at any time [to] correct a sentence not authorized by law." Although the rule expressly authorizes a district court to correct a sentence sua sponte, parties have not been prevented from invoking the rule by motion. *Washington*, 845 N.W.2d at 210.

In some cases, a district court may treat a motion made under rule 27.03 as a petition for postconviction relief. The supreme court has approved of this procedure on

3

case-specific grounds. *Id.* at 211; *see also Powers v. State*, 731 N.W.2d 499, 501 n.2 (Minn. 2007) ("The district court's decision [to treat the rule 27.03 motion as a postconviction petition] finds support in the language of Minn. Stat. § 590.01, which is broad enough to encompass a motion pursuant to Minn. R. Crim. P. 27.03."). This court has limited this treatment in certain situations, however. *See Vazquez v. State*, 822 N.W.2d 313, 320 (Minn. App. 2012) (reversing a district court's dismissal of a properly-filed rule 27.03 motion when the district court treated the motion as a postconviction petition that was timed-barred under the two-year statute of limitations).

The supreme court considered a situation similar to Halland's in *Bonga v. State*, 765 N.W.2d 639 (Minn. 2009). In *Bonga*, the defendant pleaded guilty to first-degree premeditated murder. *Id.* at 642. Two years later, the defendant filed a pro se motion to correct his sentence under rule 27.03, subdivision 9. *Id.* Although the district court did not specifically state as much, it appeared to the supreme court that the district court treated the motion as a postconviction petition. *Id.* Six years later, the defendant filed a postconviction petition that the district court denied as successive under Minnesota Statutes section 590.04, subdivision 3 (2008). *Id.*

The supreme court reversed and remanded. *Id.* at 643. The supreme court stated:

> [O]nce the postconviction court made the decision to treat the [rule 27.03] motion as a petition for postconviction proceeding, the court was required to, but did not, recognize that Bonga had the right to be represented by counsel. . . . [B]oth parties agree that Bonga did not knowingly and intelligently waive his right to counsel.

*Id.* The supreme court determined that this denial of counsel represented structural error, and because he was unrepresented for his rule 27.03 motion, it was an abuse of discretion to deny summarily the postconviction petition. *Id.*

Under *Bonga*, it appears that the district court here also treated Halland's rule 27.03 motion as a petition for postconviction relief. In its order, the district court referred to Halland as "Petitioner." It also referred to the motion as a "post-conviction motion." And it found that no hearing was necessary, relying on Minnesota Statutes section 590.04, subdivision 1, which pertains to postconviction petitions. This reliance shows that the district court treated the motion as a petition for postconviction relief. *See id.* at 642 ("[W]hile the district court acknowledged in its order that Bonga had made a motion under Rule 27.03, subd. 9, the court also appeared to treat the motion as a petition for postconviction relief, declining to hold a hearing on the basis of Minn. Stat. § 590.04, subd. 1 . . . .").

By treating the rule 27.03 as a postconviction petition, the district court was required to inform Halland of his right to counsel.[1]  *Id.* at 643; *see also* Minn. Stat. § 590.02, subd. 1(4) (2012) ("In the event the petitioner is without counsel, the court administrator shall forthwith transmit a copy of the petition to the state public defender and shall advise the petitioner of such referral."). Because Halland did not waive this right, the failure to inform him of his right to counsel represents structural error requiring

---

[1]  Halland was entitled to counsel in postconviction proceedings because he did not file a direct appeal.  *See* Minn. Stat. § 590.05 (2012) (stating that indigent petitioners are entitled to representation by the state public defender if they did not appeal the conviction).

5

reversal.  *See Bonga*, 765 N.W.2d at 643.  On remand, Halland may begin again in postconviction proceedings, this time represented by the state public defender.  *Lewis v. State*, 697 N.W.2d 624, 628 (Minn. App. 2005); *Paone v. State*, 658 N.W.2d 896, 899–900 (Minn. App. 2003).

Because we agree with Halland that the district court was required to inform him of his right to counsel before treating the motion as a postconviction petition, we do not reach the question of whether a defendant has a right to counsel for motions made under rule 27.03, subdivision 9.  Finally, we note that we have not considered, and do not express an opinion about, the merits of any claims that Halland may have.

**Reversed and remanded.**