*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1806**

Baron Montero Jones, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 18, 2016
Reversed and remanded
Jesson, Judge**

Freeborn County District Court
File No. 24-CR-13-185

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Lee A. Bjorndal, Albert Lea City Attorney, Albert Lea, Minnesota (for respondent)

        Considered and decided by Cleary, Chief Judge; Halbrooks, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

        Because appellant Baron Montero Jones was not provided assistance of counsel on his first postconviction petition, we reverse the district court's order dismissing Jones's petition and remand for appointment of counsel.

**FACTS**

On June 13, 2013, with the assistance of counsel, Jones pleaded guilty to driving under the influence (DWI) in violation of Minnesota Statutes section 169A.20, subdivision 1(1) (2012). That day the district court sentenced Jones to 60 days in the county jail.

On June 24, 2015, Jones filed a pro se motion in district court to withdraw his plea pursuant to Minnesota Rule of Criminal Procedure 15.05, and Minnesota Statutes chapter 590 (2014), which provides for postconviction relief. The state filed a response on June 30, 2015, opposing the motion, which it treated as a petition for postconviction relief. On September 1, 2015, the district court denied Jones's petition, ruling that it was time barred under the postconviction statute because two years after the entry of judgment of conviction or sentence had elapsed.

The district court did not inform Jones of his right to counsel at the postconviction stage, nor did district court administration forward Jones's pro se petition to the Office of the Minnesota Appellate Public Defender (State Public Defender's Office). On September 15, 2015, Jones filed a pro se notice of appeal. The court of appeals forwarded a copy of the pro se filing to the State Public Defender's Office, and a state public defender was appointed to represent Jones.

Jones now appeals the district court's order.

**D E C I S I O N**

Jones argues that his right to counsel was violated when the district court did not inform him of his right to be represented by counsel on his first postconviction petition and

2

when district court administration never forwarded his pro se petition to the State Public Defender's Office. We agree.

We review a postconviction court's findings of fact for an abuse of discretion and questions of law de novo. *Bonga v. State*, 765 N.W.2d 639, 642 (Minn. 2009). When the facts are undisputed, as they are here, whether a person's right to counsel has been violated is a question of law this court reviews de novo. *Gergen v. Comm'r of Pub. Safety*, 548 N.W.2d 307, 309 (Minn. App. 1996), *review denied* (Minn. Aug. 6, 1996).

The Minnesota Constitution guarantees a criminal defendant the right to assistance of counsel in his or her defense. Minn. Const. art I, § 6. The Minnesota Supreme Court determined that the right to assistance of counsel extends to one review of a criminal conviction, whether by direct appeal or a first review by postconviction proceeding. *Deegan v. State*, 711 N.W.2d 89, 98 (Minn. 2006). The denial of the right to counsel "is a structural error," *Bonga*, 765 N.W.2d at 643, that "does not require a showing of prejudice to obtain reversal." *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997). Structural errors are such where "[t]he entire conduct of the [proceeding] from beginning to end is obviously affected, and without the basic protections guaranteed by the right being violated, no criminal punishment may be regarded as fundamentally fair." *State v. Kuhlmann*, 806 N.W.2d 844, 851 (Minn. 2011) (quotations omitted).

Minnesota law further protects the right to assistance of counsel by providing that when a defendant files a petition for postconviction relief, and is without counsel, the district court administrator must send a copy of the petition to the State Public Defender's Office. Minn. Stat. § 590.02, subd. 1(4); *Paone v. State*, 658 N.W.2d 896, 899 (Minn. App.

3

2003) ("Properly applying the [postconviction] statute, the court administrator should have sent a copy of the appellant's petition to the state public defender."). The State Public Defender's Office must represent an indigent person unable to obtain counsel on the person's first appeal or postconviction petition. Minn. Stat. § 590.05. Finally, a motion to withdraw a guilty plea made after sentencing must be raised in a petition for postconviction relief. *Lussier v. State*, 821 N.W.2d 581, 586 n.2 (Minn. 2012).

Because Jones filed his motion to withdraw his guilty plea as a petition for postconviction relief, the district court needed to follow the postconviction statute's procedural safeguards by recognizing Jones's right to counsel and forwarding Jones's petition to the State Public Defender's Office. Jones was previously appointed a trial level public defender, and there is no evidence in the record that Jones waived his right to counsel. Because Jones's right to counsel on his first postconviction petition was violated, there was structural error.

The state argues that this court should affirm the district court because it found Jones's initial petition untimely and frivolous. However, as Jones points out, the untimeliness of his petition is a claim by the state that is subject to several exceptions. *See* Minn. Stat. § 590.01, subd. 4(b) (providing several exceptions to the two-year time bar). Thus, the timeliness of a petition is an issue subject to litigation and Jones did not have the assistance of counsel to litigate the issue. Finally, reaching the merits of the timeliness issue is not warranted because structural error does not require a showing of prejudice to obtain reversal. *Camacho*, 561 N.W.2d at 171.

4

Jones's right to counsel on his first postconviction petition was violated because he was not informed of his right to counsel and his petition was not forwarded to the State Public Defender's Office.  On remand, Jones should be allowed to petition the district court for postconviction relief with the assistance of counsel.

**Reversed and remanded**.