**STATE of Minnesota, Respondent,**

v.

**Bryan Keith JONES, Appellant.**

**No. C5–98–1812.**

Court of Appeals of Minnesota.

Jan. 19, 1999.

Michael A. Hatch, Attorney General, St. Paul, Ross E. Arneson, Blue Earth County Attorney, Mark A. Lindahl, Assistant County Attorney, Mankato, for respondent.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by AMUNDSON, Presiding Judge, KLAPHAKE, Judge, and HOLTAN, Judge.

## OPINION

HARVEY A. HOLTAN, Judge.*

Appellant, convicted of first-degree burglary, argues that the sentencing court erred by ordering execution of the presumptively stayed sentence for his offense on the basis of two decayed felony burglary convictions. We affirm.

## FACTS

Appellant Bryan Keith Jones was convicted for two felony burglaries in 1980. Both convictions expired, or "decayed," more than 15 years before he was again convicted of first-degree burglary in 1998. Pursuant to the sentencing guidelines, neither decayed conviction was included in the computation of appellant's criminal history score, which was zero. The sentencing court, however, concluded that appellant's decayed convictions triggered execution of the presumptive 21–month stayed sentence for his offense, and sentenced appellant to an executed term of 21 months. This appeal followed.

## ISSUE

Did the sentencing court err by ordering execution of the presumptively stayed sentence for appellant's offense based on the his two decayed burglary convictions?

## ANALYSIS

 The sentencing court's interpretation of the sentencing guidelines is reviewed de novo. *See State v. Garcia,* 302 N.W.2d 643, 646–47 (Minn.1981) (applying de novo review to district court's interpretation of sentencing guidelines); *cf. United States v. Jones,* 87 F.3d 247, 248 (8th Cir.1996) (de novo review of district court's construction and interpretation of federal sentencing guidelines).

For a defendant with a criminal history score of zero, the presumptive sentence for a single conviction of first-degree burglary is a stayed term of 21 months. Minn. Sent. Guidelines IV. But

> [w]hen the current conviction offense is burglary of an occupied dwelling (Minn. Stat. § 609.582, subd. 1(a)) and there was a previous adjudication of guilt for a felony burglary before the current offense occurred, the presumptive disposition is Commitment to the Commissioner of Corrections.

*Id.* at II.C. The sentencing guidelines contain a "decay factor" that bars consideration of old felony convictions in computation of a defendant's criminal history score:

> Prior felony sentences or stays of imposition following felony convictions will not be used in computing the criminal history score if a period of fifteen years has elapsed since the date of discharge from or expiration of the sentence, to the date of the current offense.

*Id.* at II.B.1.e.[1]

The sentencing guidelines are silent regarding the effect of decayed convictions on

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-pointment pursuant to Minn. Const. art. VI, § 10.

1. The commentary that follows section II.B.1.e

executing a sentence. Appellant argues that, for this reason, his decayed convictions should have been disregarded in deciding whether to execute the sentence as they were in the computation of his criminal history score, and that the sentencing court erred by ordering execution of the presumptively stayed sentence for his present offense on the basis of those convictions. However, the commentary to section II.B.1.e recognizes that the decay factor, as to the criminal history score, "does not include a measure of the offender's subsequent criminality." Minn. Sent. Guidelines cmt. II.B.106. Using the decayed convictions to execute this sentence *does* provide that measure of subsequent criminality.

This court may not disregard the plain and unambiguous language of the sentencing guidelines and accompanying commentary, which *only* direct the sentencing court to disregard decayed convictions in calculation of the criminal history score, in favor of appellant's more liberal construction. *See* Minn.Stat. § 645.16 (1998) (when statutory language is "clear and free from all ambiguity," courts must not disregard letter of the law).

■ Likewise, we cannot impose a limitation on sentencing that was not clearly intended by the Sentencing Guidelines Commission. It is axiomatic that, when interpreting a statute, we "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971). Interpreting the sentencing guidelines as appellant has urged would violate this fundamental rule of judicial restraint.

Further, prior to the adoption of the sentencing guidelines, the sentencing court was free to impose a sentence reasonably appropriate to the case before it. Any limitation of that discretion must be clearly defined and strictly construed because of the inherent power of the court to condition its sentences, within the maximum and minimum sentence terms provided by statute.

The sentencing guidelines and their accompanying commentary make clear that a sentencing court may consider decayed felony convictions when determining whether to order execution of a presumptively stayed sentence. There was no error.

## DECISION

The sentencing court did not err by ordering execution of the presumptively stayed sentence for appellant's offense on the basis of appellant's decayed convictions.

**Affirmed.**

---

states:

> [T]he Commission established a "decay factor" for the consideration of prior felony offenses in computing criminal history scores. The Commission decided it was important to consider not just the total number of felony sentences and stays of imposition, but also the age of the sentences and stays of imposition. A person who was sentenced for three felonies within a five-year period is more culpable than one sentenced for three felonies within a twenty-five year period. The Commission decided that the presence of old felony sentences and

> stays of imposition should not be considered in computing criminal history scores after a significant period of time has elapsed. A prior felony sentence or stay of imposition would not be counted in criminal history score computation if fifteen years had elapsed from the date of discharge or expiration of that sentence or stay of imposition to the date of the current offense. While this procedure does not include a measure of the offender's subsequent criminality, it has the overriding advantage of accurate and simple application.

Minn. Sent. Guidelines cmt. II.B.106.