STATE of Minnesota, Respondent,

v.

Scott David MONDRY, Appellant.

No. A03–1643.

Court of Appeals of Minnesota.

June 29, 2004.

Steven M. Light, Lindsey D. Haugen, Grand Forks, ND, for appellant.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and Lisa Borgen, Clay County Attorney, Moorhead, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge; WRIGHT, Judge; and HUSPENI, Judge *.

## OPINION

WRIGHT, Judge.

Appellant challenges his sentence for second-degree sale of a controlled substance, arguing that the district court abused its discretion by including two points in his criminal-history score for felony offenses committed after the instant offense that resulted in sentences imposed prior to the sentencing for the instant offense. We affirm.

## FACTS

In April 2002, appellant Scott Mondry was arrested and subsequently charged in Clay County, Minnesota, with several offenses, including second-degree sale of a controlled substance. Five months later,

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

Mondry was arrested for two felony offenses committed in North Dakota. Mondry pleaded guilty to the North Dakota offenses in February 2003 and was sentenced to a five-year prison term with three years suspended. The sentencing court in North Dakota did not consider the pending Minnesota charges when determining the length of the North Dakota sentence.

In August 2003, Mondry pleaded guilty to second-degree sale of a controlled substance in Minnesota, and the district court ordered a presentence investigation.[1] Mondry's criminal-history score for the Minnesota offense included two points for the North Dakota felony convictions.

Mondry challenged the use of the North Dakota convictions to increase his criminal-history score, relying on *Scott v. State,* No. C1–99–2093 (Minn. Oct. 26, 2000) (order). Rejecting Mondry's argument, the district court accepted the criminal-history score as calculated in the presentence investigation report and sentenced Mondry to a prison term of 68 months, to be served concurrently with the North Dakota sentence. This appeal followed.

### ISSUE

Did the district court err by including in appellant's criminal-history score points for the North Dakota offenses, which were committed after the instant offense but sentenced prior to the sentencing at issue here?

### ANALYSIS

We review de novo a district court's interpretation of the Minnesota Sentencing Guidelines. *State v. Jones,* 587 N.W.2d 854, 855 (Minn.App.1999). When interpreting a provision of the Minnesota Sentencing Guidelines, we shall not disre-gard the plain and unambiguous language of the sentencing guidelines and accompanying commentary. *Id.* at 856; *see also* Minn.Stat. § 645.16 (2000) (governing statutory construction to discern legislative intent). When employing the sentencing guidelines to determine an offender's presumptive sentence, the offender's prior felony record is a critical component of the criminal-history score. *See* Minn. Sent. Guidelines II.B.1. For each felony conviction "for which a felony sentence was stayed or imposed *before the current sentencing,*" the offender is assigned a designated number of points. *Id.* (emphasis added). "The phrase 'before the current sentencing' means that in order for prior convictions to be used in computing [a] criminal history score, the felony sentence for the prior offense must have been stayed or imposed before the sentencing for the current offense." Minn. Sent. Guidelines cmt. II.B.101. Thus, an offender's conviction of an offense committed subsequent to the current offense, but sentenced prior to the current sentencing, is properly included in the defendant's criminal-history score. *State v. Best,* 370 N.W.2d 691, 696 (Minn.App.1985).

In support of his assertion that his criminal-history score was miscalculated, Mondry relies on an order opinion of the Minnesota Supreme Court that, in the interests of justice, remanded with instructions to re-sentence without including a prior felony sentence in the criminal-history score. *See Scott v. State,* No. C1–99–2093 (Minn. Oct. 26, 2000) (order). The parties in *Scott* negotiated a plea agreement based on the parties' assumption that the offender would be sentenced in Ramsey County prior to being sentenced for an unrelated offense in Washington County. *Id.* When the sentencings did not occur in the order contemplated, the defendant re-

---

1. The record is silent as to the reason for the delay in the Minnesota proceedings.

ceived a longer sentence in the case from Ramsey County than anticipated based on his criminal-history score, which included the Washington County offense. *Id.* The *Scott* court's ruling honored the terms of the plea agreement, which, due to circumstances beyond the parties' control, were negated by operation of the sentencing guidelines. *Id.* Unlike the facts presented in *Scott,* Mondry's sentence did not contravene the negotiated plea agreement. Rather, Mondry's sentence was determined by proper application of the sentencing guidelines.

Mondry argues that remanding his sentence is consistent with the plain language of the sentencing guidelines, which provides that "[m]ultiple offenses are sentenced in the order in which they occurred." Minn. Sent. Guidelines II.B.1; *see also* Minn. Sent. Guidelines cmt. II.A.02 (providing that "the date of [the] offense determines the order of sentencing with multiple convictions"). Examination of the commentary to the sentencing guidelines, however, leads to a different conclusion. The order in which offenses occur becomes relevant under the sentencing guidelines when the offenses are being sentenced on the same day before the same judge. Minn. Sent. Guidelines cmt. II.B.101. "When multiple *current* offenses are sentenced *on the same day before the same judge,* sentencing shall occur in the order in which the offenses occurred. The dates of the offenses shall be determined according to the procedures in II.A.02." *Id.* (emphasis added); *see also State v. Hernandez,* 311 N.W.2d 478, 481 (Minn.1981) (holding that, when sentencing a defendant on the same day for three convictions from separate courses of conduct, the district court properly considered the first two convictions in determining the criminal-history score for the third conviction). But the sentences for the North Dakota offenses were not imposed by the same judge on the same day as the Minnesota offenses. Based on the facts presented here, guidelines provision II.B.1 and comment II.B.101 direct the sentencing court to compute the criminal-history score by using offenses for which a sentence has been "stayed or imposed before the sentencing for the current offense."

Mondry's offenses in North Dakota were sentenced prior to his sentencing for the Minnesota offenses. Accordingly, the district court correctly interpreted and applied Minn. Sent. Guidelines II.B.1 by calculating Mondry's criminal-history score to include the North Dakota convictions.

### DECISION

Because Mondry's North Dakota offenses were sentenced prior to the sentencing for the current offense, the district court did not err by including the North Dakota convictions in Mondry's criminal-history score.

**Affirmed.**