**STATE of Minnesota, Respondent,**

v.

**Jerad Brent ROULAND, Appellant.**

**No. A04–620.**

Court of Appeals of Minnesota.

Aug. 31, 2004.

Mike Hatch, Attorney General, St. Paul, MN; Gregory Alan Widseth, Polk County Attorney, Scott A. Buhler, Assistant Polk County Attorney, Crookston, MN; and Kip O. Fontaine, Clearwater County Attorney, MN, for respondent.

John M. Stuart, State Public Defender, G. Tony Atwal, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge; HARTEN, Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant was on probation for a gross-misdemeanor driving while under the influence of alcohol conviction when he committed various felonies. In sentencing the felonies, the district court added a custody point to appellant's criminal history score for the probation custody status. Relying on a comment to the sentencing guidelines, appellant contends that the court erred by adding a custody point for probation for a non-felony traffic offense. Because the clear text of the guideline provides a custody point for gross-misdemeanor probation, without exception, and because the text of the guideline controls over a comment to the guideline, we affirm.

## FACTS

Appellant Jerad Brent Rouland pleaded guilty to four felonies. At the time of those offenses, he was on probation for a gross-misdemeanor driving while under the influence of alcohol conviction.

Prior to sentencing, the district court received a Minnesota Sentencing Guidelines Sentencing Worksheet for each offense. Each worksheet showed a presumptive sentence of 12 months and 1 day and none assigned any criminal history points for Rouland's probation.

The state moved to add one point to Rouland's criminal history score because Rouland was on probation when he committed the felonies. Rouland objected, arguing that his probation was for a traffic

offense and that non-felony traffic offenses are not considered when determining custody status points. The district court agreed with the state, added a custody status point to Rouland's criminal history, and sentenced him accordingly. Rouland appealed.

## ISSUE

■ Did the district court err in assigning a custody status point to appellant's criminal history score because he was on probation for a gross misdemeanor DWI conviction when he committed subsequent felonies?

## ANALYSIS

■ This court conducts a de novo review of the district court's interpretation of the Minnesota Sentencing Guidelines. *State v. Myers,* 627 N.W.2d 58, 62 (Minn. 2001). Under the guidelines, presumptive sentences are determined by the severity of the offense and the offender's prior criminal history. Minn. Sent. Guidelines II.C (2003). Criminal history includes "custody status":

> One [custody status] point is assigned if the offender:
>
> a. was on probation, parole, supervised release, conditional release, or confined in a jail, workhouse, or prison following a felony, gross misdemeanor or an extended jurisdiction juvenile conviction.

Minn. Sent. Guidelines II.B.2 (2003).

The guidelines themselves do not exclude any types of offenses from those eligible for a custody status point. But Rouland argues that the "Comment" following the guideline text shows that traffic offenses, such as DWIs, are not to be considered for custody points unless the offenses are felonies:

> As a general rule, the Commission excludes traffic offenses from consideration in computing the criminal history score. However, one gross misdemeanor offense—driving while impaired—is particularly relevant in sentencing cases of criminal vehicular homicide or injury and first degree (felony) driving while impaired. Because of its particular relevance in cases of this nature, a custody status point shall be assigned if the offender is under probation ... when the felony for which the offender is being sentenced is criminal vehicular homicide or injury or first degree (felony) driving while impaired, and the offense occurred while under that supervision.

Minn. Sent. Guidelines cmt. II.B.202 (2003).

■ The state argues, and Rouland agrees, that the comments to the guidelines are not binding but rather are advisory. We also agree. *See Asfaha v. State,* 665 N.W.2d 523, 526 (Minn.2003) (stating the comments to the sentencing guidelines are "only advisory and not binding on the courts"); *State v. Notch,* 446 N.W.2d 383, 385–86 (Minn.1989) (determining that although the comments to a guideline provision specifically state that credit for time served shall not apply to time spent in a residential treatment facility, the district court was not bound by the comment).

In *Notch,* the supreme court also made it clear that the guideline comments cannot be relied upon to create an exception to what otherwise would be a clear and unambiguous guideline provision. *Notch,* 446 N.W.2d at 386. In that case, the guideline provision at issue unequivocally stated that consecutive sentences would be imposed only when there were two current convictions for crimes against two different persons. The accompanying comment, however, seemed to make an exception to

the "different persons" requirement. The court declined to apply the apparent exception in the comment because the guideline text was clear and did not provide any exceptions. Like the guideline text in *Notch*, the text here is clear and unequivocal in providing a custody point for an offender who is on probation for a gross-misdemeanor conviction.

 Rouland relies on *State v. Jones*, 587 N.W.2d 854, 856 (Minn.App.1999), *review denied* (Minn.Mar.16, 1999), for the proposition that courts cannot "disregard the plain and unambiguous language of the sentencing guidelines and accompanying commentary." But in *Jones*, the guideline text was silent as to the effect of a decayed conviction and the comment supplied advice as to whether such a conviction could be used in computing a criminal history score. The guideline in question here is not silent on the issue of what is included in determining custody status points. And, unlike the comment in *Jones*, this comment creates an exception that contradicts the plain language of the guideline text. Under *Asfaha*, *Notch*, and *Jones*, we hold that a comment to a sentencing guidelines provision will not control over the clear, unambiguous, and contrary language of the guideline text.

## DECISION

Minn. Sent. Guidelines II.B.2 clearly states that a custody point is assigned if the offender "was on probation ... following a felony, gross misdemeanor or an extended jurisdiction juvenile conviction." While Minn. Sent. Guidelines cmt. II.B. 202 provides that a point shall not be added for a gross-misdemeanor DWI conviction unless the felony being sentenced for is first-degree DWI or criminal vehicular homicide, we find that the comments are only advisory; that when there is a conflict between the clear language of the

text and a comment, the text prevails; and that the district court did not err in assigning a custody point to Rouland's criminal history score.

**Affirmed.**