STATE of Minnesota, Appellant,

v.

**J.R.A., Respondent.**

**Nos. A05–967, A05–968.**

Court of Appeals of Minnesota.

May 24, 2006.

Rolf A. Sponheim, Assistant City Attorney, City of Minnetonka, Minnetonka, MN, for appellant.

Tina Hudak Appleby, Marsh J. Halberg, Halberg, Rothstein, Appleby & Nelson, Bloomington, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge; KALITOWSKI, Judge; and STONEBURNER, Judge.

## OPINION

WILLIS, Judge.

This is an appeal from two orders granting respondent's petition for expungement of records in four criminal cases. Appellant State of Minnesota argues that the district court abused its discretion by granting the expungement of all criminal records in two cases that were dismissed in exchange for respondent's guilty pleas in two other cases. The state also argues that the district court abused its discretion by granting the expungement of judicial records in the two cases in which respondent pleaded guilty. Because we conclude that the district court did not abuse its discretion, we affirm.

## FACTS

In September 2000, J.A., the then-estranged wife of respondent J.R.A., obtained an order for protection (OFP) against respondent that prohibited him from contacting her except in the case of a medical emergency involving their minor child. Over the following months, respondent violated the OFP on at least four separate occasions.

In October 2000, J.A. reported to Minnetonka police that respondent had telephoned her several times and called her an inappropriate name. The state filed a complaint that charged respondent with one count of violation of a protection order. In December 2000, J.A. reported to Minnetonka police that respondent had repeatedly telephoned her and that he had yelled at her, called her names, and threatened to kill her. The state filed a complaint that charged respondent with one count of violation of a protection order, two counts of harassment, and one count of terroristic threats. In January 2001, J.A. reported to Minnetonka police that respondent had telephoned her twice and that during one call he had called her names. The state filed a complaint that charged respondent with one count of violation of a protection order and one count of harassing telephone calls. And in February 2001, J.A. reported to Minnetonka police that respondent telephoned her repeatedly that day. The state filed a complaint that charged

respondent with one count of violation of a protection order.

In March 2001, as part of a plea agreement, respondent pleaded guilty to two counts of violation of a protection order, arising from the October 2000 and December 2000 incidents. In exchange, the state dismissed the remaining charges arising from the December 2000 incident and all charges arising from the January 2001 and February 2001 incidents.

In January 2005, respondent petitioned for expungement of the records of all four criminal cases, stating that he sought expungement for both employment and personal reasons. J.A. submitted an affidavit and a letter in support of the petition. In March 2005, the district court held a hearing on respondent's petition and subsequently granted expungement in all four cases, ordering that all records relating to the two dismissed cases be sealed under Minn.Stat. § 609A.02, subd. 3 (2004), and that the judicial records relating to the two cases that resulted in convictions be sealed. The state appeals.

## ISSUES

1. Did the district court abuse its discretion by ordering the statutory expungement of all criminal records in the two cases that were dismissed in exchange for respondent's guilty pleas in two other cases?

2. Did the district court, in exercising its inherent authority, abuse its discretion by granting the expungement of judicial records in the two cases in which respondent pleaded guilty?

## ANALYSIS

This court reviews a district court's decision to grant an expungement under an abuse-of-discretion standard. *State v. Davisson*, 624 N.W.2d 292, 296 (Minn.App. 2001), *review denied* (Minn. May 15, 2001).

There are two bases of authority for a district court to order the expungement of a petitioner's criminal records: Minn.Stat. ch. 609A (2004) and the court's inherent expungement power. *State v. Ambaye*, 616 N.W.2d 256, 257 (Minn.2000).

Minn.Stat. § 609A.01 provides for expungement in certain circumstances through the sealing of criminal records and by prohibiting their disclosure without a court order. A petition for expungement under the statute may only be granted "if all pending actions or proceedings were resolved in favor of the petitioner." Minn.Stat. § 609A.02, subd. 3. Expungement under chapter 609A applies to criminal records held by executive-branch law-enforcement agencies as well as to judicial records. Minn.Stat. §§ 13.82 (2004); 609A.01; 609A.02, subd. 3.

A district court also has inherent power to expunge criminal records when: (1) "the petitioner's constitutional rights may be seriously infringed by retention of his records," or (2) although a petitioner's constitutional rights are not implicated, the district court finds that "expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing and monitoring an expungement order." *Ambaye*, 616 N.W.2d at 258 (quotations omitted). Expungement under the district court's inherent authority does not apply to criminal records maintained by another branch of government "absent evidence that executive agents abused their discretion in the performance of a governmental function." *State v. T.M.B.*, 590 N.W.2d 809, 812 (Minn.App.1999), *review denied* (Minn. June 16, 1999).

Here, the district court used its statutory authority to expunge all criminal records in the two cases against respondent

that were dismissed and used its inherent authority to expunge judicial records in the two cases in which respondent pleaded guilty.

## I.

■ The state argues that the district court abused its discretion by expunging all criminal records in the two dismissed cases, asserting that the district court erred by concluding that all pending actions and proceedings were resolved in respondent's favor. The state concedes that "the two dismissed files were resolved in [respondent's] favor" but argues that the "plain language" of the phrase "all pending actions or proceedings" in Minn.Stat. § 609A.02, subd. 3, requires that this court "look beyond the disposition of the particular case in which a petitioner seeks expungement and look at the disposition of all pending cases." The state asserts that the statutory phrase "all pending actions or proceedings" refers to all four cases against respondent and that because respondent pleaded guilty in two cases in exchange for the dismissal of the remaining two, all pending actions and proceedings were not resolved in respondent's favor. The state provides no authority other than the language of Minn. Stat. § 609A.02, subd. 3, to support this conclusion. Respondent argues that the phrase "all pending actions or proceedings" refers to "multiple charges stemming from a single arrest or incident—not multiple charges from multiple arrests."

■ Statutory interpretation is a question of law, which this court reviews de novo. *See State v. Stevenson,* 656 N.W.2d 235, 238 (Minn.2003). When interpreting a statute, the role of this court is to determine the legislature's intent. *See id.* Appellate courts must first decide whether the statute's language, on its face, is clear or ambiguous. *Id.* If a statute is

unambiguous, a court must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996). A statute is ambiguous if its language is subject to more than one reasonable interpretation. *Stevenson,* 656 N.W.2d at 238.

Minn.Stat. § 609A.02, subd. 3, provides that

[a] petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information, trial, or verdict if the records are not subject to section 299C.11, paragraph (b), and if *all pending actions or proceedings* were resolved in favor of the petitioner.

(Emphasis added.) Here, the phrase "all pending actions or proceedings" is not defined in chapter 609A and is subject to more than one reasonable interpretation: the state's broad interpretation that the phrase refers to all criminal cases that were pending at the same time as the case for which a petitioner seeks expungement and appellant's more narrow interpretation that the phrase refers to all charges arising from the same incident on which the case in which a petitioner seeks expungement is based. Therefore, we conclude that the phrase is ambiguous.

■ It is possible that the legislature included the phrase with the intention of prohibiting expungements in cases that were dismissed as part of a plea agreement. But the statute does not specifically so provide, and adoption of the state's broad interpretation of the phrase would require that a petitioner be denied expungement in a case that was dismissed in one county on the ground that at the same time an unrelated case was pending against the petitioner in another county. We conclude that this is an unreasonable result that the legislature did not intend when it enacted section 609A.02. *See Wegener v. Comm'r of Revenue,* 505 N.W.2d 612, 617 (Minn.1993) (providing that courts

must "reject a construction that leads to absurd results or unreasonable results"). And although all four cases here were part of a single plea agreement and are in the same county, nothing in section 609A.02, subd. 3, limits the application of the phrase "all pending actions or proceedings" to cases that were part of a single plea agreement or to cases that were pending in the same county as the case in which a petitioner seeks expungement. And this court cannot supply what the legislature has deliberately omitted or inadvertently overlooked. *State v. Jones,* 587 N.W.2d 854, 856 (Minn.App.1999), *review denied* (Minn. Mar. 16, 1999). Therefore, we conclude that the phrase "all pending actions or proceedings" refers to multiple charges based on the same incident and not to multiple charges based on separate incidents that were then pending.

The parties agree that all charges in the two dismissed cases were resolved in respondent's favor. Because there was no admission or finding of guilt in the two dismissed cases, the dismissals were resolutions of the cases in favor of respondent, regardless of the fact that the dismissals were part of a negotiated plea agreement. *See State v. C.P.H.,* 707 N.W.2d 699, 704 (Minn.App.2006) (stating that when determining whether a case was resolved in favor of petitioner, "the existence of an admission or finding of guilt is the deciding factor").

■ The state argues, in the alternative, that "[e]ven if all pending actions or proceedings had been resolved in [respondent's] favor ... there is clear and convincing evidence that the interests of the public and the public safety outweigh the disadvantages to [respondent] of not sealing the record." Minnesota statutes provide that when "all pending actions or proceedings" are resolved in a petitioner's favor, the district court "shall grant the petition to seal the record unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record." Minn.Stat. § 609A.03, subd. 5(b).

The state argues that the Minnesota legislature has expressed in Minn.Stat. § 634.20 (2004) and Minn.Stat. § 609.749, subd. 5(a) (2004), a "public policy in favor of retaining records of dismissed domestic abuse cases." Minn.Stat. § 634.20 provides for the admissibility of evidence of similar conduct, including evidence of prior domestic abuse, in domestic-abuse cases, and Minn.Stat. § 609.749, subd. 5(a), provides that a person who engages in a pattern of harassing conduct of a single victim is guilty of a felony. But Minn.Stat. § 609A.03, subd. 7(b), addresses the state's concerns by providing that "[u]pon request by law enforcement, prosecution, or corrections authorities, an agency or jurisdiction subject to an expungement order shall inform the requester of the existence of a sealed record and of the right to obtain access to it." *See also* Minn.Stat. § 609A.01 (providing for the sealing of expunged criminal records and explicitly not authorizing "the destruction of records or their return to the subject of the records"). Also, all four cases against respondent were for conduct that occurred more than five years ago, so none of them, including the two dismissed cases, could be used to form part of a pattern of harassing conduct. *See* Minn.Stat. § 609.749, subd. 5(b) (2004) (stating that "pattern of harassing conduct" may include two or more OFP violations within a five-year period).

The state also argues that respondent's interests in sealing the records in the two dismissed cases is "speculative, indefinite, and inadequate." In his expungement pe-

tition, respondent states that he is seeking expungements in all four cases for employment and personal reasons. Specifically, respondent states that he is an executive with an investment-management firm and that he is subject to background checks by potential clients. Respondent also stated that he was going to be required to submit to a background check as part of his employer's registration with the securities and exchange commission (SEC) and that he was concerned that his criminal record might negatively affect his employer's SEC registration and respondent's ability to acquire future clients. Respondent also states that he is seeking the expungements to "further the healing process [between his former wife and him] and to finally and completely put behind [them] the improper acts committed during [their] divorce." In addition, J.A., the sole victim in these cases, submitted an affidavit and a letter supporting respondent's petition for expungement. Based on this record, the district court acted within its discretion when it determined that the state did not show that the interests of public safety outweighed the disadvantages to respondent if his petition were denied.

Therefore, we conclude that the district court did not abuse its discretion by granting an expungement of all criminal records in each of respondent's dismissed cases.

## II.

■ The state argues that the district court abused its discretion by expunging judicial records in the two cases in which respondent pleaded guilty because respondent did not demonstrate that expungement of the judicial records of these two cases "will yield a benefit to [respondent] commensurate with the disadvantages to the public from the elimination of the record[s] and the burden on the court in issuing, enforcing, and monitoring an ex-

pungement order." The state argues that the records of these two cases could be used (1) to enhance "future order for protection violations for a period of up to five years following [respondent's] discharge from sentence for these offenses" under Minn.Stat. § 518B.01, subd. 14(c), (d)(1) (2004), and (2) to enhance harassment and stalking charges "for a period of ten years following [respondent's] discharge from sentence" for these offenses under Minn. Stat. § 609.749, subd. 4 (2004).

Here, the record supports the district court's findings that respondent "provided evidence of professional and personal considerations that justify sealing court records," that he "demonstrated to the Court that he has been rehabilitated," and that the sole victim, respondent's wife, was "in full support of expungement." *See Schultz*, 676 N.W.2d at 341 (stating that this court will not set aside a district court's findings unless they are clearly erroneous and not supported by the record). We therefore conclude that the district court did not abuse its discretion by exercising its inherent authority to grant the expungement of the judicial records in the two cases in which respondent pleaded guilty. *Cf. id.* (granting expungement when petitioner was rehabilitated, had no new criminal incidents, and had experienced employment and housing problems because of his criminal record).

## DECISION

Because "all pending actions or proceedings" were resolved in respondent's favor in the two cases which were dismissed as part of a plea agreement and because the state failed to establish by clear-and-convincing evidence that the interests of the public and public safety outweighed the disadvantages to respondent of not sealing the records, we conclude that the district court did not abuse its discretion by grant-

ing the expungement of all criminal records in those two cases. And because the record supports the district court's finding that expungement of judicial records in the two cases in which respondent pleaded guilty will yield a benefit to respondent commensurate with the disadvantages to the public from the elimination of the records and the burden on the district court in issuing, enforcing, and monitoring the expungement order, we conclude that the district court did not abuse its discretion by granting the expungement.

Affirmed.