STATE of Minnesota, Appellant,

v.

R.H.B., Respondent.

No. A11–660.

Court of Appeals of Minnesota.

Dec. 5, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Assistant County Attorney, Buffalo, MN, for appellant State of Minnesota.

Charles L. Hawkins, Minneapolis, MN, for respondent R.H.B.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

After respondent was acquitted of first-degree and third-degree assault of a child for whom his wife was providing daycare in their home, he sought and obtained expungement of his arrest record and related documents. Appellant State of

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

Minnesota challenges the expungement, asserting that the district court abused its discretion in granting it because expungement cannot be granted if there is clear and convincing evidence supporting the public interest against expungement that outweighs the disadvantages of expungement to respondent.

## FACTS

In May 2006, T.B., the wife of respondent R.H.B., began providing daycare for P., the three-month-old son of her friend, M.R.[1] On 21 December 2006, T.B. left P. in respondent's care while she went shopping. When M.R. arrived to pick up P. that afternoon, she noticed scratches on his face and a bruise on his ear. T.B. said P. had been scratched by her own child and had fallen over a toy.

P. was taken to a medical clinic later that afternoon. A clinic physician sent him to a hospital, where a CT scan showed a subdural hematoma. When M.R. called T.B. to ask if anything had happened to P. during the day, T.B. said that she had left P. with respondent while she went shopping.

Respondent then talked to M.R. He said that, although he had not wanted to tell T.B., P. had fallen on his head when respondent threw him into the air and dropped him. The next day, a detective and a child protection worker interviewed respondent and T.B. Respondent said that he threw P. into the air and caught him three or four times. The last time, respondent was unable to catch P., and P. landed on his head. When respondent picked him up, P. was limp and not breathing. Respondent shook P. to get him to breathe; P. started breathing, but his eyes

were not focused. Further testing showed that P. had three compression fractures, a questionable fracture in his thoracic spine, and blood surrounding some of his vertebrae.

Wright County Department of Human Services (WCDHS) issued a maltreatment finding against respondent because, as a WCDHS child protection investigator explained in her affidavit, WCDHS found, by a preponderance of the evidence, "that [respondent] placed the child in jeopardy by throwing the child in the air, allowing the child to drop to the ground, and by shaking the child" and "attempted to cover up the incident ... and prevented the child from receiving timely medical care by lying about the incident and by not informing his wife who was the primary child care provider during this incident." Respondent did not appeal the WCDHS maltreatment finding.

Respondent was initially charged with third-degree assault—substantial bodily harm; after subsequent tests revealed further injuries to P., the complaint was amended to add a count of first-degree assault—great bodily harm. Following trial, a jury found respondent not guilty on both counts.

Respondent petitioned for expungement of his record. After the district court denied appellant's request to present live testimony opposing the petition, appellant submitted three affidavits opposing expungement. The district court granted the petition, and appellant now challenges the expungement.

## ISSUE

Did the district court abuse its discretion by granting respondent's expungement petition?

---

1. T.B. was not, and was not required to be, a licensed family daycare provider. *See* Minn. Stat. § 245A.03, subd. 2(2) (2010) (providing that a license is not required for "nonresiden-  tial programs that are provided by an unrelated individual to persons from a single related family").

## ANALYSIS

■ "The proper construction of [the expungement] statute is a question of law that we review de novo." *State v. Ambaye*, 616 N.W.2d 256, 258 (Minn.2000). But this court reviews a decision to expunge for an abuse of discretion. *Id.* at 261.

■ A district court may expunge criminal records in one of two ways, either by applying the statute or under its inherent authority. *Id.* Here, the district court inferred that respondent's "petition for expungement falls under the statutory authority given by the legislature to the courts."[2]

A district court has statutory authority to grant a petition for expungement of all arrest records "if all pending actions or proceedings were resolved in favor of the petitioner." Minn.Stat. § 609A.02, subd. 3 (2010). If the petitioner meets this standard, "the court shall grant the petition to seal the record unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record." Minn.Stat. § 609A.03, subd. 5(b) (2010). Determining whether the entity opposing expungement establishes by clear and convincing interest that the public's interest in having the record available outweighs the petitioner's interest in having the record sealed has been called "the balancing test of section 609A.03, subd. 5(b)." *State v. K.M.M.*, 721 N.W.2d 330, 334 (Minn.App. 2006). Appellant contends that the district court abused its discretion in determining

that respondent's interest outweighed the public's interest.

Respondent was required to state in his petition "why [expungement] is sought . . . and why it should be granted." Minn.Stat. § 609A.03, subd. 2(4). But his petition fails to directly address either of these requirements; the sole sentence that even arguably pertains to the statutory directive is that "[t]he interests of justice require the Court to grant this petition." Therefore, the district court had no specific disadvantage to respondent against which to balance interest of the public.

A petitioner seeking expungement cannot rely solely on the fact that the criminal proceedings were resolved in his favor. Although respondent was acquitted of the assault charges, the statute does not permit expungement on that basis alone but requires a balancing of the public's interest and the "disadvantages to the petitioner of not sealing the record." Minn.Stat. § 609A.03, subd. 5(b).

The public's interest is supported by three affidavits that appellant submitted. A police officer provided an affidavit stating that information about prior incidents was useful to police officers in questioning suspects; a WCDHS child protection investigator provided an affidavit stating that the public has an interest in records of past alleged criminal activity particularly in conjunction with a WCDHS finding of maltreatment concerning an injured child and a failure to obtain medical assistance or report the injury; a WCDHS licensing division supervisor stated that records establishing any history of maltreatment could be dispositive of a license application.[3]

---

**2.** The district court was obliged to make this inference because, although Minn.Stat. § 609A.03, subd. 2(4), requires an expungement petition to state "the statutory or other legal authority under which [expungement] is

sought," respondent's petition did not specify any authority.

**3.** The district court's finding that "there was no evidence . . . that [respondent] has any

Respondent relies on *State v. J.R.A.*, 714 N.W.2d 722, 728–29 (Minn.App.2006) (finding no abuse of discretion either in statutory expungement of records in domestic-abuse cases dismissed in exchange for guilty pleas or in inherent-authority expungement of records in domestic-abuse cases where petitioner pleaded guilty), *review denied* (Minn. 23 Aug. 2006). But *J.R.A.* is distinguishable on two grounds. First, in that case the petitioner, an executive in an investment-management firm, stated that he sought expungement for specific employment and personal reasons. *Id.* at 728. The employment reason was background checks by potential clients and by the Securities and Exchange Commission, with which his firm was registered; the personal reason was the healing of the relationship between himself and the victim, his former wife, who had submitted an affidavit and a letter supporting the expungement petition. *Id.* Second, the petitioner had "demonstrated to the [district c]ourt that he ha[d] been rehabilitated." *Id.* Here, respondent provided no rea-

sons, much less any reasons of sufficient weight, why expungement should be granted, and has provided no evidence of rehabilitation. His generalized reliance on "the interests of justice" is vague and unfocused.

## DECISION

Because respondent detailed no reasons why he sought expungement or why it should be granted, the district court could not lawfully balance respondent's interests in expunging his record with the public's interest in having access to it. The district court therefore abused its discretion in granting the expungement petition.

**Reversed.**

plans to work in childcare or any other related area" is irrelevant to the public's interest in the record of his having been charged with first-degree assault of a minor because the legislature has made it clear that the backgrounds of those who *reside in a facility that provides daycare are relevant.* *See, e.g.,* Minn. Stat. § 245C.03, subd. 1(2) (2010) (requiring background checks of anyone over age 13 living in a household where a licensed daycare program is provided); Minn.Stat. § 245C.14, subd. 1(a)(2) (2010) (disqualifying from direct contact with those receiving services from the license holder any individual who the preponderance of the evidence indicates has committed, inter alia, assault in the first or second degree).