*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1862**

Kevin Mathew Erickson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 6, 2015
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-12-29419

Cathryn Middelbrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

On appeal from the order denying his postconviction motion to correct his 30-month prison sentence, appellant argues that his sentence was incorrectly calculated with

a custody status point and that the district court erroneously departed under the sentencing guidelines. We affirm.

## FACTS

On September 12, 2012, respondent State of Minnesota charged appellant Kevin Mathew Erickson with financial transaction card fraud under Minn. Stat. § 609.821, subds. 2(1), 3(a)(1)(ii) (2010). The complaint alleged that Erickson had used or attempted to use a credit card belonging to his deceased father to make more than $2,700 in unauthorized purchases. On August 20, 2013, Erickson entered into a plea bargain and agreed to plead guilty and admit his status as a career offender in exchange for a 30-month executed prison sentence. At the plea hearing, Erickson acknowledged that he had read and signed the plea petition, understood that he was giving up his various trial rights, and provided the factual basis for his guilty plea.

Erickson then waived his *Blakely* rights, and his attorney questioned him about his criminal history. Erickson acknowledged that with five or more prior felony convictions he would qualify as a career offender, and specifically confirmed five of his prior felony convictions while also admitting that he had "numerous other felonies." He admitted that his current conviction was part of a pattern of criminal activity based on its similarity to his prior offenses. The district court accepted Erickson's guilty plea and sentenced him to a 30-month executed prison sentence in accordance with the plea bargain. The district court then noted "for the record" that it would be stating on Erickson's sentencing order that "[t]he [d]efendant admits [c]areer [o]ffender status going into the future."

2

On May 21, 2014, Erickson moved the district court pro se to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, and his attorney later supplemented this motion with a memorandum. Erickson argued that the district court failed to make sufficient findings justifying the upward sentencing departure based on his career-offender status, and that the record as a whole did not show that he met the criteria for career-offender status. In a later letter to the district court, Erickson also alleged that he was erroneously given a custody status point in the calculation of his presumptive sentence.

The district court characterized Erickson's motion as a petition for postconviction relief and denied it without a hearing. This appeal followed.

## DECISION

On appeal, Erickson challenges the postconviction court's denial of his motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. Because Erickson brought his rule 27.03 motion seeking to correct a sentence he agreed to in a plea bargain with the state, we construe his motion as a petition for postconviction relief under Minn. Stat. § 590.01, subd. 1 (2014). *See State v. Coles*, __ N.W.2d __, __, 2015 WL 1652901, at *5 (Minn. Apr. 15, 2015) (holding that a rule 27.03 motion to correct an agreed-upon sentence entered as the result of a plea bargain "is properly viewed as a petition for postconviction relief"). We review the denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

While the parties primarily dispute whether the sentence imposed by the district court was a *proper* upward departure from the sentencing guidelines, the dispositive issue in this case is whether the 30-month sentence ordered by the district court even

3

constitutes a departure. Accordingly, we will first address Erickson's claim regarding his proper presumptive sentence under the guidelines.

## I.

Erickson first argues that he should not have been given a custody status point under the sentencing guidelines. The presentence investigation report (PSI) in this case reported that Erickson accrued a custody status point because he committed the instant offense within the initial probationary terms of two sentences stemming from prior convictions. Erickson contends that he should not have been given a custody status point because these two sentences—one from December 2009, the other from November 2010—involved "phantom" three-year probationary terms, as both sentences provided for Erickson to be discharged from probation after serving substantial local jail terms. He claims that these sentences were "functionally identical" to executed sentences. He asserts that, because he finished serving the associated jail time and was discharged from probation in both cases before June 13, 2012, he should not have been assigned a custody status point under Minn. Sent. Guidelines 2.B.2 (Supp. 2011).

The postconviction court rejected this argument, finding that Erickson accrued the custody status point because his June 2012 offense date fell within the three-year initial probationary terms imposed in each case. We review the determination of a defendant's criminal history score for an abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002).

Erickson is correct that both of his prior sentences contemplated his early dismissal from probation upon his completion of jail sentences. But, the guidelines

4

indicate that the custody status point is earned by an offender when the new offense is committed "within the period of the initial probationary sentence."  Minn. Sent. Guidelines 2.B.2.b.  The commentary to the guidelines expressly provides that early release from probation does *not* commute or otherwise modify the probationary term for purposes of calculating the custody point:

> The Commission has determined that the potential for a custody status point should remain for the *entire period* of the probationary sentence.  If an offender receives an initial term of probation that is definite, is released from probation prior to the expiration of that term and commits a new crime within the initial term, *it is clear that a custody point will be assigned.*

Minn. Sent. Guidelines cmt. 2.B.201 (Supp. 2011) (emphasis added).  While comments to the sentencing guidelines are not binding, *Asfaha v. State*, 665 N.W.2d 523, 526 (Minn. 2003), we typically follow the commentary unless a comment contradicts the clear and unambiguous language of the guidelines.  *State v. Rouland*, 685 N.W.2d 706, 708–09 (Minn. App. 2004) (collecting cases), *review denied* (Minn. Nov. 23, 2004).  We see no contradiction here requiring us to deviate from the commentary and interpret the guidelines as proposed by Erickson.

In this case, the sentencing documents cited by Erickson in support of his argument clearly show that he was initially sentenced to separate three-year probationary terms for the prior offenses in question.  The earlier of these two terms would have ended on December 11, 2012, while the later term would have ended on November 22, 2013.  Because the June 2012 offense dates in this case occurred during the initial probationary terms of two of Erickson's prior sentences, he accrued a custody status point under the

sentencing guidelines.  Therefore, we conclude that the postconviction court did not abuse its discretion by rejecting Erickson's challenge to the district court's calculation of his presumptive sentence.

## II.

Erickson raises several additional arguments characterizing the district court's 30-month sentence as an impermissible departure from the sentencing guidelines.  However, we need not reach these arguments because he received a guidelines sentence.  "This court will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range." *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). We overturn presumptive sentences only in the "rare" case, and we will not "modify a sentence within the presumptive range absent compelling circumstances." *Id.* (quotations omitted).

As represented in the PSI and not challenged by Erickson on appeal, the offense of financial transaction card fraud is a severity level 3, and Erickson has a criminal history score of 12.  *See* Minn. Sent. Guidelines 5 (Supp. 2011) (providing that financial transaction card fraud of over $2,500 is a severity level 3 offense).  Under the guidelines, that offense severity level and criminal history score result in a presumptive commitment to state imprisonment for 23 months, with a range between 20 to 27 months.  Minn. Sent. Guidelines 4 (Supp. 2011).  But, as we stated above, Erickson accrued a custody status point because he committed the offense within the initial probationary terms of two prior sentences.  *See* Minn. Sent. Guidelines 2.B.2.b.  If an offender already has six or more

criminal history points, a custody status point adds three months to the presumptive duration *and* range provided in the appropriate cell.  Minn. Sent. Guidelines 2.B.2.  Thus, as calculated in his PSI, Erickson's offense carried a presumptive commitment to state imprisonment for 26 months, with a range inside the cell between 23 to 30 months.  *See* Minn. Sent. Guidelines 4.

"A sentence within the range provided in the appropriate box on the sentencing guidelines grid is not a departure from the presumptive sentence." *Delk*, 781 N.W.2d at 428–29.  Therefore, the 30-month prison sentence the district court imposed was not a departure from the guidelines.  The record further indicates that the district court proceeded under the assumption that its sentence was presumptive: the prosecutor represented to the district court that this sentence was *not* a departure from the guidelines, and the district court did not indicate that it was departing from the guidelines or file a departure report to accompany its sentencing order.  And, because the district court imposed a presumptive sentence, the district court was not required to ascertain "identifiable, substantial and compelling circumstances" and make the departure findings Erickson alleges should have been made.  *Cf.* Minn. Sentencing Guidelines 2.D (Supp. 2011).

Because Erickson's remaining arguments proceed under the erroneous assumption that the district court upwardly departed in its sentence, these arguments must fail.  Therefore, the postconviction court did not abuse its discretion by denying his postconviction motion.

**Affirmed.**

7