*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1067**

Antonio Medina, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 16, 2016
Affirmed
Randall, Judge**[*]

Rice County District Court
File No. 66-CR-08-1423

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John L. Fossum, Rice County Attorney, Terence Swihart, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Chutich, Judge; and Randall, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RANDALL**, Judge

Appellant Antonio Medina challenges the district court's denial of his motion to correct his sentence under rule 27.03, subdivision 9, of the Minnesota Rules of Criminal Procedure. Medina argues that the district court improperly calculated his criminal-history score by including two convictions he accrued after the charged offense in arriving at the presumptive sentence, and that this improperly calculated presumptive sentence incorrectly factored into his plea negotiations to render an illegal sentence. We conclude the district court properly calculated Medina's criminal-history score and properly interpreted and applied the Minnesota Sentencing Guidelines. Affirmed.

## FACTS

This case arises from Antonio Medina's sentence for second-degree murder. On April 17, 2008, the state charged Medina with second-degree murder after DNA evidence linked him to a November 2005 homicide. On May 23, 2008, Medina pleaded guilty to the charge.

Medina's plea agreement provided that, upon sentencing, he and the state would jointly recommend a 312-month commitment to the Commissioner of Corrections. The presentence investigation report calculated his criminal-history score to be two, based on two felony convictions: an August 2006 theft conviction and a November 2007 driving-while-intoxicated conviction. Medina incurred both convictions after committing the second-degree-murder offense but before the state charged him for it.

At the sentencing hearing, the district court noted the plea bargain between the parties and adopted their joint recommendation, sentencing Medina to 312 months. Medina later filed a pro se motion to correct his sentence, arguing that the district court improperly enhanced his sentence based on an incorrectly calculated criminal-history score. *See* Minn. R. Crim. P. 27.03, subd. 9.[1] The district court denied Medina's motion. Medina appeals.

## D E C I S I O N

This court reviews a district court's determination of a defendant's criminal-history score for abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002). We review the district court's interpretation of the Minnesota Sentencing Guidelines, a question of law, de novo. *Maurstad*, 733 N.W.2d at 148. When interpreting a certain provision, "we shall not disregard the plain and unambiguous language of the sentencing guidelines and accompanying commentary." *State v. Mondry*, 682 N.W.2d 183, 184 (Minn. App. 2004). "On appeal from the district court's denial of a [motion to correct a sentence], this court will not reevaluate a sentence if the district court's discretion has been properly exercised and the sentence is authorized by law." *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011) (quotations omitted), *review denied* (Minn. Apr. 27, 2011).

---

[1] The Minnesota Supreme Court has held that a criminal defendant cannot waive or forfeit the right to challenge his sentence and, in particular, the calculation of his criminal-history score. *See State v. Maurstad,* 733 N.W.2d 141, 147–48 (Minn. 2007).

Presumptive sentences are governed by the guidelines in effect on the date of the conviction offense. *See Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013) (holding that to sentence an offender under guidelines not in effect at the time of the offense violates the Ex Post Facto Clause). The presumptive sentence for any offense takes into account the offender's criminal-history score and the severity level of the charged offense, prescribing a corresponding range. Minn. Sent. Guidelines II (2005). "[S]entences must be based on correct criminal history scores, as these scores are the mechanism district courts use to ensure that defendants with similar criminal histories receive approximately equal sanctions for the same offense." *Maurstad*, 733 N.W.2d at 147.

Under the 2005 guidelines—those in effect at the time of Medina's offense—an offender's criminal-history score is computed by assigning "a particular weight for . . . every felony conviction for which a felony sentence was stayed or imposed *before the current sentencing* or for which a stay of imposition of sentence was given *before the current sentencing*." Minn. Sent. Guidelines II.B.1 (2005) (emphasis added). "The phrase 'before the current sentencing' means that in order for prior convictions to be used in computing [a] criminal history score, the felony sentence for the prior offense must have been stayed or imposed before sentencing for the current offense." Minn. Sent. Guidelines cmt. II.B.101. (2005). Accordingly, "an offender's conviction of an offense committed subsequent to the current offense, but sentenced prior to the current sentencing, is properly included in the defendant's criminal-history score." *Mondry*, 682 N.W.2d at 184.

Once the appropriate criminal-history score is determined, the presumptive fixed sentence for a felony conviction is found in the grid cell at the intersection of the criminal-

history-score column and the offense-severity-level row. Minn. Sent. Guidelines II.C (2005). "[I]mposition of the presumptive sentence under the Minnesota Sentencing Guidelines is mandatory absent additional findings." *Maurstad*, 733 N.W.2d at 147.

Here, the district court denied Medina's motion to correct his sentence, concluding that his criminal-history score had been properly calculated as of the date of his sentencing to reflect the two previous convictions. The district court further concluded that the presumptive sentence for second-degree murder was correctly calculated to be 346 months, with a permissible range of 295 to 415 months.

Medina argues that his sentence warrants correction because his criminal-history score at the time of the *offense*—rather than at the time of *sentencing*—was zero. Because he contemplated a sentence at the low end of the range in plea negotiations, he claims the district court should have corrected his sentence to 261 months. That would be the low end of the presumptive range for second-degree murder applicable to an offender with a criminal-history score of zero.

We understand Medina's argument; however, the Minnesota Sentencing Guidelines preclude us from adopting it. Under the sentencing guidelines, an offender's criminal-history score includes any felony sentence imposed prior to sentencing on the charged offense and is calculated as of the date of the current sentencing. *See* Minn. Sent. Guidelines II.B (2005). This court has considered and rejected the same argument. *See Mondry*, 682 N.W.2d at 185. In *Mondry*, the defendant argued that two North Dakota convictions he incurred after the charged offense but before sentencing on the charged offense should not have been included in the calculation of his criminal-history score. *Id.*

5

at 183–84.  Rejecting his argument, this court reiterated that, because Mondry had been sentenced for the North Dakota offenses before sentencing on the charged offense, his criminal-history score properly included them.  *Id.* at 185.

As in *Mondry*, Medina's two felony-conviction sentences—for an August 2006 theft offense and a November 2007 DWI offense—predated sentencing on July 10, 2008, for the second-degree murder.  Accordingly, they necessarily informed his criminal-history score. *See* Minn. Sent. Guidelines II.B (2005).  For the theft, a severity-level-two offense, he should have been assigned one half point and for the DWI, a severity-level-seven offense, he should have been assigned one and a half points, for a total of two criminal history points.  Minn. Sent. Guidelines II.B.1.a (2005).  His presentencing worksheet reflects exactly these calculations, and his criminal-history score was properly calculated.

His presumptive sentence, which aided the probation department's recommendation and Medina's plea bargain with the state, was also properly calculated.  Second-degree murder was a severity-level-eleven offense under the 2005 guidelines.  Minn. Sent. Guidelines IV (2005).  The 2005 grid shows that the intersection of severity-level-eleven and criminal-history-score-two for a second-degree-murder charge yields a presumptive sentence of 346 months, with a permissible range of 295 to 415 months.  The sentencing hearing transcript reflects this exact sentence.

Medina's criminal-history score and his presumptive sentence were properly calculated. The district court did not abuse its discretion in sentencing Medina.  The district court properly interpreted the sentencing guidelines when it sentenced him to 312 months.

**Affirmed.**